KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
ALBERTO L. GONZALEZ, State Bar No. 117605
Supervising Deputy Attorney General
CATHERINE WOODBRIDGE GUESS, State Bar No. 186186
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 445-8216
  Fax:  (916) 322-8288
  E-mail:  Catherine.Woodbridge@doj.ca.gov
*Attorneys for Defendants Gregory and Gomez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Cole S. Evans,** <br><br> Plaintiff, <br><br> v. <br><br> **CHP Officers, Ivan Gregory, J. Gomez, et al.,** <br><br> Defendants. | 2:11-cv-03255-JAM-CKD <br><br> **ORDER ON MOTION FOR SUMMARY JUDGMENT** <br><br> **Fed. R. Civ. 56(c)** <br><br> Date:        November 7, 2012 <br> Time:       9:30 a.m. <br> Courtroom:  6 <br> Judge:      The Hon. John Mendez <br> Trial Date:  June 30, 2013 <br> Action Filed: January 5, 2009 |

      This matter came for hearing on noticed motion by Defendants Gregory and Gomez for summary judgment. This case arises out of a driving under the influence (DUI) arrest on January 1, 2007. Plaintiff's claim is premised on violation of 42 U.S.C. § 1983. Having considered the moving papers, opposition papers, reply brief, objections to evidence and the audio tape of the incident submitted by Plaintiff, the Court finds as follows:

      Summary judgment is appropriate when it is demonstrated that there exists no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment is proper against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Rule 56(e); *Matsushita*, 475 U.S. at 586, n. 11.    The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *T.W. Elec. Serv., Inc. v. Pacific elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  *Matsushita*, 475 U.S. 587 (citing U*nited States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962)(per curiam).  However, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inferences may be drawn.  *Richards v. Nielsen Freight Lines*, 602 F. Supp 1244, 1244-45 (E.D. Cal. 1985), aff'd 810 F.2d 898, 902 (9th Cir. 1987).  To demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

Defendants raised two arguments in their motion for summary judgment. First, there is no evidence supporting Plaintiff's conspiracy claim. And, second, there are no other viable claims because they are all barred by the statute of limitations.  As indicated in the reply brief, Defendants point out that the only evidence that was presented by the Plaintiff in support of his claims was his declaration, 90 percent of which is inadmissible.  Plaintiff does appear to rely exclusively on his declaration which is full of assumptions regarding the Defendants' state of mind and standard police procedures which Plaintiff has alleged were not followed.


Plaintiff has not attempted to gather any evidence from the Defendants, or any police officers, to demonstrate that the officers would, for example, normally discover and, in fact, did discover the Plaintiff's 290 status during a DUI arrest. That is in large part the crux of the Plaintiff's claim in this case. Plaintiff did not gather any evidence from, for example, hospital staff that might have overheard officers harassing Plaintiff. Defendants are correct that there is simply no evidence to substantiate Plaintiff's claims in this case.

Plaintiff does go into great detail about the night of the arrest and argues that there is an ongoing conspiracy between the two Defendants, the two police officers, to violate Plaintiff's constitutional rights. Plaintiff argues that the officers' testimony is not credible because there are inconsistencies between the arrest report and the officers' declarations. It is not the Court's role at the summary judgment motion stage to make a credibility determination. These arguments are also not meritorious. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Defendants are correct that any claim for excessive force would have had to have been filed no later than January 1, 2009. *See Wilson v. Garcia,* 471 U.S. 261; 105 S. Ct. 1938; 85 L. Ed. 2d 254 (1985); Cal. Code Civ. Proc. § 335.1. That goes as well for the claims for false arrest, harassment, and deliberate indifference. Although substantive claims have a two-year statute of limitations and, again, to the extent the motion seeks judgment as a matter of law that those claims cannot be brought because they're barred by the statute of limitations, the Court also grants that aspect of the motion.

On the conspiracy claim itself, again, both parties agree that to succeed on a conspiracy claim, the plaintiff must demonstrate an agreement or meeting of the minds to violate constitutional rights. To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy. The defendants must have, by some concerted action, intended to accomplish some unlawful objective for the purpose of harming another which results in damage. *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283 (9th Cir. 1999).

Defendants are correct that Plaintiff has presented no evidence to show that there is a possibility that a jury can infer from the circumstances a meeting of the minds. Indeed, Plaintiff relies exclusively on his own declaration, again, most of which is inadmissible, to substantiate his claim. Without more, there is no evidence of a conspiracy. Defendants' declarations establish there was not one, and Plaintiff has not proffered any evidence to rebut this. Plaintiff argued the

3

one defendant's declaration (Gregory) denies he was a participant in a conspiracy but there is no declaration from defendant Gomez denying he participated in a conspiracy; the Court disregarded that argument.  Plaintiff has not directed the Court to any law demonstrating that the arguments in the opposition arguing that there may have been a conspiracy, which can be proved by inference, are valid arguments.   Plaintiff did include supporting case law reference *Kunik v. Racine County,* 946 F.2d 1574, 1580 (7th Cir. 1991) and *Hampton v. Hanrahan,* 600 F.2d 600, 621 (7th Cir. 1970), reversed in part on other grounds, 446 U.S. 754 (1980) (quoting *Adickes v. Kress & Co.,* 398 U.S. 144, 15859 (1970), but the Court did not find this persuasive.

    For all those reasons, the Court grants Defendants' motion for summary judgment in its entirety.

Dated:  11/19/2012

                                                 /s/ John A. Mendez_____
                                                 U.S. District Court Judge

__/s/ Ellen C. Dove__
Approved as to form